In the Matter of ELMER E. AUSTIN, Respondent, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Appellants.— Appeal by the State Liquor Authority from an order of the Supreme Court, Albany County Special Term which annulled a determination of the Authority disapproving an application for the transfer of a package store liquor license, and directed the Authority to issue the transfer. Petitioner has a package store license for premises at No. 260 Lark Street, Albany, New York. He applied for a transfer of the license to premises located at No. 185 Old Louden Road, Lathams, Town of Colonie, Albany County. The Authority denied this application on the ground: "The proposed location is such that in the opinion of the Authority it will substantially enjoy the fruits of the new shopping center located approximately 1300′ away." The Authority went on to say that such a location would be contrary to the modern shopping center policy promulgated by the Authority in Bulletin No. 279 in December, 1955, and uniformly applied throughout the State. The Special Term pointed out in its memorandum decision that proposed location is approximately 1,300 feet by aerial distance from the Latham Corners Shopping Center; 2,000 feet by the shortest distance by highway travel and some 3,000 feet by the next shortest distance of highway access. These distances are apparently taken from the papers, maps and diagrams submitted with the application, or annexed to the answer of the Authority, for no testimony was taken. Special Term also said that the proposed site was neither "in" nor "closely proximate to" the Latham Corners Shopping Center. It further said that Bulletin No. 279 of the Authority only banned package liquor stores at locations "in" modern shopping centers, and this policy did not encompass the disapproval of licenses at locations "closely proximate to modern shopping centers or modern shopping center areas". This was really the nub of its decision, which hinged on a narrow construction of the language used in the bulletin. It seems to us that Special Term drew the line too fine. It is true that the bulletin used the word "in", but in view of the broad discretionary power of the Authority to determine public convenience and advantage we do not believe it was required to construe such term in its narrowest sense. In connection with that it should be observed that there is no precise definition of a "shopping center". Opinions may vary as to the limits of a "shopping center", and also as to what distances would be proximate thereto. The fact that Special Term disagrees with the Authority about such matters is not enough to justify an annulment of the Authority's determination. In view of the discretionary power vested in Authority, the test is whether there is any rational basis for the decision of the Authority (*Matter of Rockower* v.

*State Liq. Auth.*, 4 N Y 2d 128; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, affd. 4 N Y 2d 997). The general policy of the Authority set forth in Bulletin No. 279 is not challenged. The distances involved must be viewed in the light of the whole situation and the general policy involved, and on such matters the determination of the Authority must be accepted unless it is wholly irrational (*Matter of Swalbach* v. *State Liq. Auth.*, 7 A D 2d 883). Order reversed, without costs, and determination of the State Liquor Authority confirmed. Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ., concur.